WILLIAM WILSON v. LENA ONSTOTT, Administratrix, Appellant.

Bills and Notes: PRINCIPAL AND SURETY: NEW CONSIDERATION: INSTRUCTION. In an action on a note where the evidence shows that subsequent to its execution a new consideration arose whereby a surety became liable as principal, failure to instruct regarding such new consideration is not reversible error

Special Interrogatory: SUBMISSION OF. Refusal to submit a special interrogatory, the material inquiry of which is contained in one submitted by the court on its own motion, is not error.

Liability of Surety: SPECIAL FINDING. A special finding that one originally signed a note as surety only, is not inconsistent with a general verdict of liability as principal, where there is evidence that he afterwards for a new consideration assumed its payment as such.

*Appeal from Cedar District Court.*—HON. H. M. REMLEY, Judge.

WEDNESDAY, OCTOBER 14, 1903.

ACTION in probate on a promissory note. Trial to a jury, and verdict and judgment establishing the claim. The defendant appeals.—*Affirmed.*

*C. J. Lynch* and *F. J. Casterline* for appellant.

*W. H. Smith* and *Jamison & Smyth* for appellee.

SHERWIN, J.—There was evidence tending to show that the deceased was a principal on the note in suit, both by reason of his relation to the transaction in its inception, and by his subsequent agreement with his brother, one of the other signers thereof. But the jury found specially that he was only a surety when he signed, and, as it is conceded that his estate is not liable to the plaintiff unless he subsequently became liable as a principal, we need not further notice the surety feature of the case, nor the question whether he was an original principal.

Complaint is made of the eighth instruction wherein the jury was told that, although the deceased may have originally signed the note as surety only, still if he subsequently entered into an agreement with the principal, whereby he agreed to take the machine and its earnings, and undertook to pay the note, he would be liable. So far as the instruction goes, it is undoubtedly correct, and the fault found with it is that it did not call the jury's attention specifically to a new consideration for such an agreement on the part of the deceased. The evidence

showed such new consideration, and it would have been well to call the jury's attention to the matter of consideration; but a failure to do so when there is in fact evidence thereof should not require a reversal of the case.

The fourth instruction is conceded to be correct so far as it relates to the question. of suretyship, and the fact that it referred to instruction eight was not error.

There was no error in refusing to submit the special interrogatory asked by the defendant. The court, on its own motion, submitted one covering the material part of the one asked, and the special finding on that answered the only question which could properly have been submitted.

The criticism of the other instructions is, we think, without merit; nor do we find any error in the rulings upon the introduction of the testimony. While the jury found specially that the deceased was originally only a surety on the note, there was evidence warranting its finding that he afterwards assumed its payment as a principal for a valuable consideration, and the general verdict was therefore in no way inconsistent with its special finding, and hence the court properly refused a judgment on such special finding.—AFFIRMED.